## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Louis Martin Weinstein

April 29, 1976

Case No. F-76-0100

By JUDGE JOHN W. WINSTON

During this trial the Commonwealth moved to admit certain exhibits into evidence. Defendant objected and moved to suppress, contending that they were the fruit of an unconstitutional search and seizure.

The relevant facts are uncontested. United Air Lines (UAL) operates a small package delivery service between airports in the United States. When a package is presented to it, an airbill is made out by UAL. The package and the airbill are put into a UAL plastic bag and the bag is then transported by air to destination. Upon arrival at that airport the plastic bag is handed to a UAL baggage clerk. He opens the bag, removes the package and airbill, logs it in, then delivers the package to the addressee against a receipt and payment of a fee (if not prepaid).

Such a plastic bag was transported by UAL from California to Norfolk International Airport and was there delivered to one William Huston, a UAL baggage clerk in its baggage claims department. Routinely Mr. Huston opened the UAL plastic bag and removed the package it contained. Not seeing the airbill, Huston opened a white envelope which was attached to the outside of the package (also described as a cylinder or cylindrical package). He did

not find the airbill inside, instead found two pieces of paper (Exhibit C-4) which had been written on. As he read the writing, Huston's suspicions were aroused that UAL should not have been carrying something like that (he suspected drugs). He called and requested the presence of an airport security officer. Then Huston and the security officer examined the two pieces of paper (letter) together, looked and found the airbill in the bottom of the UAL plastic bag, logged in the package and noted the addressee now as Louis Martin Weinstein. Then Huston opened the package.

Huston testified that he called the security officer to be a witness to what was done to the package, to be sure he would not be held liable for a mistake or for damage to the package when it was opened. Huston testified that he himself made the decision to open the package, then did so in the presence of the security officer.

The package when opened by Huston was observed to contain a powder. This caused the security officer to notify the Norfolk police. When such police arrived at the airport, the opened package and its powder contents were delivered to them by Mr. Huston.

### 1. Standing

The Court concludes that this defendant has standing to allege an unconstitutional search and seizure of the package and its contraband contents, since this is a drug case and the defendant who was the package addressee is charged with attempting to obtain its possession. Defendant had a promissory interest in the property seized. *United States* v. *Jeffers*, 342 U.S. 48 (1951); *Jones* v. *United States*, 362 U.S. 257 (1960); *Sullivan* v. *Commonwealth*, 210 Va. 205 (1969).

### 2. Search and Seizure

The constitutional prohibition against unreasonable search and seizure is applicable to agents of the federal and state governments, but does not apply to private individuals acting on their own initiative. *Burdeau* v. *McDowell*, 256 U.S. 465 (1921); *Harmon* v. *Commonwealth*, 209 Va. 574 (1969).

The Court concludes from the evidence presented in this case that the decision to open the package and to examine its contents was solely that of UAL employee William Huston. The presence of the airport security officer at the time the package was opened by Mr. Huston did not make the search unconstitutional since he was only an agent of the airport and in any event, since his participation was only as a witness to what Huston did to the package and with its contents in the event complaint was later made by the addressee. The delivery of the package with its contents to the Norfolk police occurred only later and after Huston had first opened it and had observed such contents. Huston was in legitimate possession and control of these items when he voluntarily turned them over to the Norfolk police. *United States* v. *Blanton*, 379 F.2d 327 (5th Cir. 1973); *State* v. *Stump*, 547 P.2d 305 (Alaska 1976). See also *State* v. *Morris*, 17 Cr. L. 2250 (Ohio 1975).

The factual situation in *Corngold* v. *United States*, 367 F.2d 1 (9th Cir. 1966), differs from that involving this defendant; hence, the case is not applicable here.

### *Ruling*

Because only a private search and seizure occurred, the Court finds that no violation of the Fourth Amendment occurred. The fruits of that private effort are therefore admissible. So are the fruits later derived from the search and seizure by the police in their execution of a warrant at defendant's home and from their conversations with defendant, there being probable cause for the issuance of the search warrant and for defendant's arrest.